# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| FRED STEFFENS, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>MESSERLI & KRAMER, P.A., and LVNV FUNDING, LLC.,<br><br>        Defendants. | Case No.: 18-cv-778<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Fred Steffens is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from Plaintiff a debt allegedly incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act in that the debt Defendants sought to collect arose from a consumer transaction with an agreement or a series of agreements to defer payment. Wis. Stat. § 421.301(17).

6. Defendant Messerli & Kramer, PA ("Messerli") is a law firm with its principal place of business located at 100 S 5th Street, 1400 Fifth Street Towers, Minneapolis, MN 55402-5540.

7. Messerli is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Messerli is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. Messerli is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

10. Defendant LVNV Funding, LLC ("LVNV") is a foreign limited liability company and debt collection agency with its principal place of business located at 16 McLeland Road, St. Cloud, Minnesota 56303.

11. LVNV is engaged in the business of collecting debts, originally owed to others and acquired after default, which were incurred for personal, family or household purposes.

12. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

13. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see, e.g., Barbato v. Greystone All., LLC*, Civil Action No. 3:13-2748, 2017 U.S. Dist. LEXIS 189994, at *24-30 (M.D. Pa. Nov. 16, 2017); *Tepper v. Amos Fin., LLC*, No. 15-cv-5834, 2017 U.S. Dist. LEXIS 127697, at *20-22 (E.D. Pa. Aug. 9, 2017) ("the statute provides two possible paths for a plaintiff to prove that a particular defendant is a 'debt collector.' Subject to certain exceptions not relevant here, the defendant will be a debt collector if either (1) its 'principal purpose . . . is the collection of any debts,' or (2) it 'regularly collects or attempts to collect . . . debts owed or due . . . another.'"); *Chenault v. Credit Corp Sols.*, 2017 U.S. Dist. LEXIS 197747, at *4-6 (E.D. Pa. Dec. 1, 2017); *Kurtzman v. Nationstar Mortg. LLC*, No. 16 17236, 2017 U.S. App. LEXIS 19750, at *6-7 (11th Cir. Oct. 10, 2017); *Skinner v. LVNV Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at *7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at *7-12 (N.D. Ind. Dec. 15, 2017); *McMahon v. LVNV Funding, LLC*, 2018 U.S. Dist. LEXIS 41984, at *32-38 (N.D. Ill. Mar. 14, 2018); *Torres v. LVNV Funding, LLC*, 2018 U.S. Dist. LEXIS 49885, at *12-15 (Mar. 27, 2018).

14. The primary purpose of LVNV's business, and LVNV's principal purpose, is the collection of consumer debts. *See, eg. Mitchell v. LVNV Funding, LLC*, No. 2:12-CV-523-TLS, 2017 U.S. Dist. LEXIS 206440 *16 (N.D. Ind. Dec. 15, 2017) ("'[t]here is no business purpose in purchasing charged off debts if the ultimate goal is not to collect them,' and that '[d]ebt buyers don't buy debts to use them as wallpaper, but to turn them into money'" (citing Pl.'s Reply Br.)).

15. In *Mitchell* and *McMahon*, the Northern District of Indiana and the Northern District of Illinois, respectively, denied the plaintiffs' and LVNV's cross motions for summary judgment on the issue of whether LVNV was a debt collector, as defined in the FDCPA, holding that determination of LVNV's principal purpose is a factual issue that must be left for the jury.

3

*Mitchell*, 2017 U.S. Dist. LEXIS 206440, at *19; *McMahon*, 2018 U.S. Dist. LEXIS 41984, at *32-38.

16. In *Torres*, the Northern District of Illinois granted the plaintiff's motion for summary judgment on the issue of whether LVNV was a debt collector, as defined in the FDCPA, holding that LVNV was a debt collector because its only business purpose is to purchase debts and the collect them, it holds an Illinois collection agency license, it pursued collection of the outstanding debt by having its "master servicing agent" place the account with servicers, and its own deposition witness admitted that the only service LVNV provides is as a debt owner. *Torres*, 2018 U.S. Dist. LEXIS 49885, at *14-15.

17. LVNV's website states:

> LVNV Funding LLC, ("LVNV") purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report or in a letter from a collection agency.

http://www.lvnvfunding.com/ (accessed March 15, 2018).

18. In addition to telephone and mail-based debt collection activities, LVNV is a frequent litigant in Wisconsin courts. A general search on Wisconsin Circuit Court Access ("CCAP") for "LVNV*" returns the error message: "Your request could not be processed. Your search has returned more than 5000 rows. Please try again."

19. CCAP shows that LVNV *filed* approximately 91 civil and small claims actions in Milwaukee County in February 2018 alone. Upon information and belief, virtually all or actually all of those cases are collection actions against Wisconsin consumers.

20. LVNV is a debt collector as defined in 15 U.S.C. § 1692a.

21. LVNV is also a debt collector under Wisconsin law.

4

22. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added). On its face, Wis. Stat. § 427.103(3) applies to creditors collecting on their own behalf.

23. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

24. LVNV is a "merchant" as defined in the WCA, as it has, or claims to have, taken assignment of former consumer credit card accounts. Wis. Stat. § 421.301(25) ("The term [merchant] includes but is not limited to a seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person.")

25. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

26. The Wisconsin Department of Financial Institutions has likewise designated merchants and creditors as "Debt Collectors" under the WCA:

> Anyone attempting to collect a debt arising from a consumer credit transaction in Wisconsin, whether a merchant doing its own debt collecting or a third-party debt collector, must follow Wisconsin's debt collection law, Ch. 427, Wis. Stats. This is an important point because many merchants collecting debt owed directly to them mistakenly believe that they are exempt from Wisconsin's debt collection law because they are not included within the definition of "debt collector" under the federal Fair Debt Collection Practices Act.
>
> https://www.wdfi.org/wca/business_guidance/creditors/debt_collection/.

27. LVNV uses both ordinary collection methods such as mail and telephone communications, and also civil lawsuits, in its collection business.

28. A company meeting the definition of a "debt collector" (here, LVNV) is vicariously liable for the actions of a second company (here, Messerli) collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

29. LVNV is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

30. On or about October 9, 2017, Messerli mailed a debt collection letter to Plaintiff regarding an alleged debt owed to LVNV and originally owed to "Capital One Bank N.A." A copy of this letter is attached to this complaint as Exhibit A.

31. Upon information and belief, the alleged debt that Messerli was attempting to collect was incurred by use of a consumer credit card, used only for personal, family, or household purposes.

32. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

33. Upon information and belief, Exhibit A is a form debt collection letter used by Messerli to attempt to collect alleged debts.

34. Exhibit A references a "Court Case File Number" of 17SC29729.

35. CCAP shows that a small claims action with a case number of 17SC29729 was filed by Messerli against Plaintiff in Milwaukee County on September 13, 2017. *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2017SC029729&countyNo=40.

36. Exhibit A lists the balance of the account at issue to be $1,789.71.

37. Exhibit A additionally includes the following representation:

**BALANCE:** $1,947.71 as of October 09, 2017, calculated as follows: Principal of $1,789.71, plus Statutory/Court Costs of $158.00.

38. Messerli thus includes "Statutory/Court Costs" as part of the balance of the account despite the fact that judgment had not yet been entered in the case.

39. The Seventh Circuit held in *Veach v. Sheeks* that, because a consumer "cannot be held liable for treble damages, **court costs**, or attorney's fees until there has been a judgment by a court, they cannot be part of the . . . claimed debt," until judgment is entered. 316 F.3d 690, 693 (7th Cir. 2003).

40. Additionally, CCAP lists the following costs associated with the judgment:

| | |
|---|---|
| Judgment amount | $1,789.71 |
| Attorney fee | $150.00 |
| Small claims filing fee | $118.00 |
| Docketing fee | $5.00 |
| Service | $40.00 |

*See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2017SC029729&countyNo=40.

41. Exhibit A thus falsely represents the balance of the alleged debt at the time the collection letter was sent as well as the statutory and court courts that Messerli may have been able to claim.

42. CCAP shows that default judgment was entered against Plaintiff in case number 17SC29729 on December 13, 2017. See https://wcca.wicourts.gov/caseDetail.html?caseNo=2017SC029729&countyNo=40.

43. On or about January 23, 2018, Messerli mailed a debt collection letter to Plaintiff regarding the outstanding judgment. A copy of this letter is attached to this complaint as <u>Exhibit B</u>.

44. Upon information and belief, <u>Exhibit B</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

45. Upon information and belief, <u>Exhibit B</u> is a form debt collection letter used by Messerli to attempt to collect alleged debts.

46. <u>Exhibit B</u> contains the following settlement offers:

* Option 1: 1 payment of $1,901.22 due in our office no later than 02/28/2018.
* Option 2: 6 payments of $323.91 (Totaling $1,943.46) with each payment due in our office no later than the 28th of each month for 6 consecutive months. The first payment would be due in our office no later than 02/28/2018.
* Option 3: 12 payments of $167.24 (Totaling $2,006.88) with each payment due in our office no later than the 28th of each month for 12 consecutive months. The first payment would be due in our office no later than 02/28/2018.

47. Each settlement offer listed by <u>Exhibit B</u> thus states there is a deadline of February 28, 2018 for either entire settlement amount or the first installment of the settlement.

48. Upon information and belief, Messerli had authority from LVNV Funding to settle the judgment debt at the amounts listed in the settlement offers included in <u>Exhibit B</u>, or less, at any time.

49. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

50. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

51. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

8

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

52. Messerli did not use the safe harbor language in Exhibit B.

53. Upon information and belief, the deadline in Exhibit B to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

54. Plaintiff was misled and confused by Exhibits A & B.

55. The unsophisticated consumer would be misled and confused by Exhibits A & B.

56. LVNV is directly or vicariously liable for Messerli's actions in collecting consumer debts, including Plaintiff's, on LVNV's behalf.

### *The FDCPA*

57. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character,

9

amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest

that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

58. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

59. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

60. 15 U.S.C. § 1692e(10) specifically prohibits the false representation of "the character, amount, or legal status of any debt."

61. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

62. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

11

### The WCA

63. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

64. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

65. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

66. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, including punitive damages. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

67. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

68. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court

analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

69. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

70. Wis. Stat. § 427.104(1)(e) prohibits debt collectors from disclosing a customer's information affecting the customer's reputation, whether or not for credit worthiness, where the person does not have a legitimate business need for the information.

71. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer . . . in such a manner as can reasonably be expected to threaten or harass the customer."

72. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer . . . ."

73. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

74. Wis. Stat. § 427.104(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

75. DFI has ruled that conduct that violates the FDCPA also violates the WCA.

**DFI−Bkg 74.16 Oppressive and deceptive practices prohibited.** A licensee shall not engage in any oppressive or deceptive practices. In attempting to collect an alleged account, bill or other indebtedness, a licensee shall not do any of the following: …

**(9)** Engage in other conduct which can reasonably be expected to threaten or harass the debtor or a person related to the debtor including conduct which violates the Federal Fair Debt Collection Practices Act.

## COUNT I - FDCPA

76. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

77. Exhibit A attempts to collect court costs prior to the entry of judgment.

78. Exhibit A also misrepresents the statutory and court courts that Messerli intended to claim upon entry of judgment.

79. Attempting to collect court costs prior to entry of judgment misrepresents the amount, character, and legal status of the debt. *See Veach*, 316 F.3d at 693.

80. Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

## COUNT II - WCA

81. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

82. Exhibit A falsely represents the balance of the alleged debt at the time the collection letter was sent as well as the statutory and court courts that Messerli may have been able to claim.

83. By falsely representing the amount of the statutory and court courts that Messerli may have been able to claim, Exhibit A threatens to enforce a right with knowledge or reason to know that the right does not exist..

84. By mailing Exhibit A to Plaintiff, Defendants also violated the FDCPA.

85. As a licensed collection agency, by violating the FDCPA, Defendant engaged in conduct that could be reasonably be expected to threaten or harass Plaintiff.

86. Defendants violated Wis. Stat. §§ 427.104(g), 427.104(h), and 427.104(j),

## COUNT III – FDCPA

87. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

88. Exhibit B includes false statements to the effect that the settlement offer is for a limited time only.

89. Upon information and belief, the creditor and/or Messerli would settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

90. Defendants violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## COUNT IV - WCA

91. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

92. By falsely implying includes that the settlement offer included in Exhibit B are available for a limited time only, Exhibit B threatens to take action that Messerli did not intend to take and that Messerli does not regularly take in the ordinary course of business.

93. By mailing Exhibit B to Plaintiff, Defendants also violated the FDCPA.

94. As a licensed collection agency, by violating the FDCPA, Defendant engaged in conduct that could be reasonably be expected to threaten or harass Plaintiff.

95. Defendants violated Wis. Stat. §§ 427.104(g), 427.104(h), and 427.104(j).

## CLASS ALLEGATIONS

96. Plaintiff brings this action on behalf of two classes.

97. Class I consists of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between May 22, 2017 and May 22, 2018, inclusive, (e) that was not returned by the postal service.

98. Class II consists of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by <u>Exhibit B</u> to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between May 22, 2017 and May 22, 2018, inclusive, (e) that was not returned by the postal service.

99. The classes are so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each class.

100. There are questions of law and fact common to the members of the respective classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the <u>Exhibit A</u> and <u>Exhibit B</u> violated the FDCPA and WCA.

101. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

102. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

103. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

104. Plaintiff hereby demands a trial by jury.

16

Case 2:18-cv-00778-PP     Filed 05/22/18     Page 16 of 17     Document 1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a)  actual damages;

(b)  statutory damages;

(c)  attorneys' fees, litigation expenses and costs of suit; and

(d)  such other or further relief as the Court deems proper.

Dated: May 22, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com